NEWELL RUSSELL, RESPONDENT, v. J. M. SWIFT, APPELLANT.

PLEADING—CONTRACT FOR THE PAYMENT OF GOLD COIN NEED NOT BE ALLEGED TO BE IN WRITING.—Our statute contemplates that in order to obtain a judgment for gold coin the contract should be in writing; but under the rules of pleading it is not necessary the contract should be averred to be in writing, but if questioned or denied it must be proved on the trial by the writing.

APPEAL from Baker County.

This was an action to recover an alleged balance of two hundred and twelve dollars on an account for labor performed, for which, it is alleged in the complaint, the defendant promised to pay plaintiff at the rate of thirty-five dollars per month " in gold coin," and the further sum of eighteen dollars, alleged to be due the plaintiff on account of money received by defendant and to his use from plaintiff. The answer alleges that before the commencement of the action the plaintiff accepted from the defendant sixty-four dollars and five cents in full satisfaction and discharge of the several alleged promises and items of indebtedness set forth in the complaint.

The reply denies the satisfaction and discharge set up in the answer.

A jury having been waived, the questions of fact presented in the pleadings were tried by the court and determined in plaintiff's favor. Judgment was entered upon these findings for plaintiff for two hundred and thirty dollars in gold coin, from which judgment this appeal is taken.

*S. F. Chadwick*, for Respondent.

*Knight & Lord*, for Appellant.

By the Court, PRIM, J.:

It is claimed by appellant that a judgment for gold coin can only be rendered on a written contract to pay such particular kind of money and that it should be averred in the complaint that the contract was in writing. Our

statute provides "that the several courts, within this State, in giving judgment * * * on a written contract, for the payment of gold coin, * * * * shall, if either party require it, adjudge that the principal sum, so contracted, and the interest thereon, shall be paid in the kind of money so specified in said contract." (Mis. Laws, ch. 54, § 1.)

In this cause it is alleged in the complaint that the defendant promised to pay gold coin without averring that the contract was in writing. This allegation is not denied. The only defense made in the answer is payment and satisfaction. And this defense not having been made out, and the allegations of the complaint not being denied by the answer, they are to be taken as true, and the court below so found.

The judgment is for coin, and the question arises, Does the failure to aver that the contract was in writing render the complaint insufficient to sustain such judgment? To this we answer, that in cases of this kind it is not necessary to allege in the complaint that the contract was in writing; but if it is questioned or denied, it must be proved on the trial by the writing. (*Taylor* v. *Patterson*, ante, p. 121.)

The principle laid down in that case, we think, is decisive of this one. Bonham, J., who delivered the opinion of the court, said: "Although our statute requires (or at least contemplates) that a contract for the payment of gold coin, to be valid, must be in writing, yet the rules of pleading in such cases do not require the complaint to aver that such agreement was in writing. The statute above referred to, and commonly known as the 'Specific Contract Act,' does not operate to change the rule of pleading in actions to recover gold coin, but only requires a different quality of evidence." The authorities cited fully sustain the decision announced.

The majority of the court are of the opinion the judgment should be affirmed.

Mr. Chief Justice Bonham dissented.